**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION - DETROIT**

In re:

**REBECCA M. MOSES**,                    Case No. 22-46762-mar
                                        Chapter 11
        Debtor.                         Hon. Mark A. Randon

_____/

## MOTION FOR MANDATORY AND/OR PERMISSIVE ABSTENTION

Custodian, Henry M. Nirenberg, in his capacity as pre-petition court-appointed receiver in the marital dissolution proceedings pending in the Circuit Court of Oakland County, Michigan, Family Division, by his attorneys, SK Detroit Law Partners, P.C., respectfully requests that this Court enter an Order to mandatorily and/or permissibly abstain under 28 U.S.C. §§ 1334(c)(1) and (2), from hearing and adjudicating any of the claims and issues in the Divorce Case and in the underlying Arbitration and Receivership proceedings in the Divorce Case, including issues concerning division of property of the marital estate under Michigan non-bankruptcy family law.  In support of this Motion, the Custodian says:

### I. *Parties and Jurisdiction*:

1.     On August 29, 2022 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11, Title 11, United States Code ("Bankruptcy Code").  The restraining provisions of 11 U.S.C. § 362(a) automatically took effect

upon the commencement of this case. This Court has jurisdiction of the bankruptcy case pursuant to 28 U.S.C. §§ 1334 and 157. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

2. This case has not been converted from or to one arising under Chapter 13 or 7 of the Bankruptcy Code.

3. The meeting of creditors and initial status conference are both scheduled for October 3, 2022.

4. Before the Petition Date, Debtor was the Plaintiff in a non-core state-court marital dissolution proceeding captioned <u>Rebecca M. Moses v. David Z. Moses</u>, pending in the Circuit Court of Oakland County, Michigan, Family Division, Case Number 2020-503106-DM (the "Divorce Case"). Both Debtor and her spouse, David Moses, stipulated to arbitration in the Divorce Case to address multiple issues, including the equitable division of property.

5. The Divorce Case entails proceedings to determine the equitable division of property that includes, in part, property of the Bankruptcy Estate, and therefore, aspects of the Divorce Case fall within the exception to the exception to the stay under 11 U.S.C. § 362(b)(2)(A)(iv).

6. On May 31, 2022, the Debtor transferred the Properties (described below) to the respective Buyers, Tzedek Company, LLC, Lexiford Properties, LLC, and Waterton Properties, LLC. David Wolkinson is a friend of the Debtor

and the sole member of each of the above-identified Buyers. In the Divorce Case, the Arbitrator concluded, and the Circuit Court approved, that the May 31, 2022 sales of the Properties violated the Consent Order for Financial Status Quo and Mutual Injunction entered on October 14, 2020 ("Injunction Order"), that was entered in the Divorce Case.

7.     In the Divorce Case, the Circuit Court appointed Henry Nirenberg as a receiver over the following receivership estate: (a) real properties situated at 10095 LaSalle Blvd, Huntington Woods, Michigan 48070, 7382 Yale, Lexington, Michigan 48450, and 3994 Arcadia Park Drive, Waterford, Michigan 48328 (collectively, the "Properties"); (b) all proceeds relating to such Properties; and (c) all legal and equitable claims and causes of action, and rights to interim equitable and injunctive relief, arising from the sale or disposition of such Properties in violation of the Injunction Order.

8.     This Court may have, at most, "related to" jurisdiction over the Divorce Case and any proceedings within the Divorce Case, such as the Arbitration and Receivership, pursuant to 28 U.S.C. §§ 1334(b) and 157(a) and (c).

## II. *Pertinent Facts*:

9.     The facts pertinent to this Motion are more fully set forth in the Brief previously filed in this Court. (**Docket No. 29**, at pp. 18-30). This Motion incorporates such Brief at Docket No. 29.

10.     The Divorce Case, and the underlying Arbitration and Receivership proceedings in the Divorce Case, do not include claims that sound in federal and/or bankruptcy law or raise a federal question.  But for 28 U.S.C. § 1334 and the Debtor's Petition, the Bankruptcy Court would otherwise not have subject matter jurisdiction.  Simply put, the Divorce Case addresses the issues normally found under Michigan non-bankruptcy marital dissolution law, which include child custody and visitation, domestic support obligations, and the equitable division of property of the marital estate.

11.     The Divorce Case, underlying Arbitration, and Receivership in the Divorce Case, were all pending when the Debtor filed her Chapter 11 case.  The dissolution proceedings have been pending for 2 years.  The Divorce Case had not entered any final decree or judgment for the equitable division of marital property.  The Receivership had not yet commenced claims against the Buyers/Wolkinson to address the unlawful transfer of the Properties that violated the state court's injunction.

12.     The Debtor filed the Bankruptcy Case on the eve of the August 31 hearing in the state Circuit Court to join the Buyers/Wolkinson as parties-defendant.

13.     As of the time of filing this Motion, the Debtor is the only party in the Divorce Case that filed a bankruptcy petition.  The Buyers/Wolkinson are non-

debtors.

### III.  *Legal Bases for Relief:*

14.     The legal bases for the relief requested in this Motion include the authorities cited in the incorporated Brief (**Docket No. 29**), 28 U.S.C. §§ 105(a) 1334(c)(1) (permissive abstention) and (c)(2) (mandatory abstention), and Bankruptcy Rules 5011(b) and (c).  This Motion is filed as a contested matter under Bankruptcy Rule 9014 and Local Rule 9014-1.  Notice has been sent in compliance with Bankruptcy Rules 7004, 9014, 5011(b), and Local Rule 9014-1.

### IV. *Summary of Grounds for Relief:*

### A. **Subject Matter Jurisdiction of the Bankruptcy Court**

15.     As a threshold matter, analysis of abstention issues should begin with an analysis of a bankruptcy court's subject matter jurisdiction.  This entails the plain language of 28 U.S.C. §§ 1334 and 157, and the established general holdings of the bankruptcy and reviewing courts concerning these statutes.  28 U.S.C. § 1334 states, in pertinent part:

§ 1334. Bankruptcy cases and proceedings

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all

civil proceedings arising under title 11, or arising in or related to cases under title 11.

(c)(1) Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. (Emphasis added).

16.     28 U.S.C. § 157 states, in pertinent part:

§ 157. Procedures

(a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

(b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

****

(c)(1) A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. . . (Emphasis added).

17.     Therefore, the "jurisdiction of the bankruptcy courts, like that of other federal courts, is grounded in, and limited by, statute." *Gupta v. Quincy Med. Ctr.*, 858 F.3d 657, 661 (1st Cir. 2017) (quoting *Celotex Corp. v. Edwards*, 514 U.S.

300 (1995)); *Miller v. Bruemmer (In re Bruemmer Dev., LLC*, 515 B.R. 551, 554 (Bankr. E.D. Mich. 2014). The Court normally presumes that a "cause lies outside this limited jurisdiction," and the party asserting jurisdiction bears the burden to prove otherwise. *Id*. at 554 (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994)). The decision of the Bankruptcy Court as to its jurisdiction is reviewed on appeal under a *de novo* standard. *Elliott v. GM LLC (In re Motors Liquidation Co.)*, 829 F.3d 135, 152 (2nd Cir. 2016).

18. The meaning of §§ 1334(a) and 157 based on its plain language, is well-settled. Sections 1334 and 157 confer a "broad jurisdictional grant." *Gupta*, *supra*, at 662. Under § 1334(a), the phrase "cases under title 11" concerns the bankruptcy petition. *Id*. at 661-662. The term "proceedings" in § 1334(b) concerns "steps within the case and to any subaction within the case that may raise a disputed or litigated matter." *Id*. at 661 (quoting *Mich. Emp't Sec. Comm'n v. Wolverine Radio Co. (In re Wolverine Radio Co.)*, 930 F.2d 1132 (6th Cir. 1991)).

19. Under § 1334(b), proceedings "arising under" title 11 are "when the Bankruptcy Code itself creates the cause of action." *Gupta*, *supra*, at 662. In contrast, proceedings "arising in" a case are "those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." *Id*. at 662-663. Stated another way, "claims that 'arise in' a bankruptcy case are claims that by their nature, not their particular factual

circumstance, could only arise in the context of a bankruptcy case." *Id*. at 663.

Under *Gupta*, this is the "fundamental question" that determines whether a proceeding falls within "arising in" jurisdiction. *Id*. at 665.

20.     Proceedings "related to" a case have been described as those:

> which potentially have some effect on the bankruptcy estate, such as altering debtor's rights, liabilities, options, or freedom of action, or otherwise have an impact upon the handling and administration of the bankrupt estate.

*Gupta*, *supra*, at 663.  The "related to" test has also been described as follows:

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.

*Id*. at 663 (quoting *Celotex*, *supra*, at 308 and *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)).  "Related to" jurisdiction is broad but not limitless.  *Gupta*, *supra*, at 663.

21.     While § 1334(b) concerns jurisdiction of "proceedings," § 157 divides those proceedings into core proceedings and non-core proceedings.  *Gupta*, *supra*, at 663 n. 5.  Proceedings "arising under" and "arising in" are core proceedings. Proceedings that are "related to" a case are non-core proceedings.  *Id.* at 663 n. 5.

22.     In this case, these established holdings concerning §§ 1334 and 157 indicate that the Bankruptcy Court, at most, may have subject matter "related to" jurisdiction of portions of the property division issues in the Divorce Case, and the

underlying Arbitration and Receivership proceedings in the Divorce Case. No claims or issues in these proceedings are based on any provision of the Bankruptcy Code, and therefore, there can be no dispute that "arising under" jurisdiction is absent. The marital dissolution, arbitration, and equitable property division claims, including the transfer of the 3 Properties in violation of the Injunction Order that injured the marital estate, are based on Michigan statutes and law and the Injunction Order of the state court. Such claims could and did exist outside the bankruptcy context, and therefore, it is questionable whether "arising in" jurisdiction exists.[1]

23.    Because an eventual final decree in the Divorce Case that equitably apportions property of the marital estate could impact the Debtor's interest in property, this could have an effect on the Debtor's estate (assuming this Court modifies the stay to permit the Divorce Case to go forward). Therefore, it is possible this Court has, at most, "related to" jurisdiction.

### B.  Even If There Is Jurisdiction, Abstention May Be Appropriate

24.    Regardless of these open questions, even if this Court were persuaded that it does have jurisdiction over the proceedings, abstention from jurisdiction under §§ 1334(c)(2) and (c)(1) may be appropriate. Under § 1334, there are 2

---

[1] Stated another way, had the Debtor not filed the instant Chapter 11 bankruptcy case, all of the marital dissolution and property division claims, and claims to be asserted by the Custodian as to the unlawful transfer of the 3 Properties, could and would have been viable and adjudicated in the Circuit Court under state non-bankruptcy family law.

kinds of abstention: mandatory abstention (subsection (c)(2)) and permissive abstention (subsection (c)(1)):

### 1. Mandatory Abstention - 28 U.S.C. § 1334(c)(2)

25.     For mandatory abstention under 28 U.S.C. § 1334(c)(2), the following 6 elements must be met:

(1)     The motion is timely filed;

(2)     The proceeding is based upon a state law claim or state law cause of action;

(3)     The claim or cause of action is related to a bankruptcy case, but did not arise in or under the bankruptcy case (in other words, the claim or cause of action is non-core);

(4)     The only basis for original jurisdiction in federal court is the bankruptcy filing;

(5)     The state law claim or cause of action is the subject of an action that is commenced in a state forum of appropriate jurisdiction; and

(6)     The state court action can be timely adjudicated.

*In re Dow Corning Corp.*, 86 F.3d 482, 497 (6th Cir. 1996). "Claims that arise under the Bankruptcy Code or arise in a bankruptcy case are core matters; claims that relate to a bankruptcy case, but do not arise in a bankruptcy case or under the Bankruptcy Code are non-core." *WRT Creditors Liquidation Trust v. C.I.B.C. Oppenheimer Corp.*, 75 F. Supp. 2d 596, 606 (S.D. Tex. 1999). In this case, there should be mandatory abstention. The Divorce Case, Arbitration and Receivership in the Divorce Case, are all based on Michigan family state law claims. The Debtor's Chapter 11 bankruptcy filing is the *only* reason why certain aspects of those proceedings are before this Court under non-core "related to" jurisdiction.

These proceedings were commenced and are pending in the Circuit Court of Oakland County, Michigan, Family Division, which is the state court with the appropriate jurisdiction over marital dissolution and related matters. The Judge presiding in the Divorce Case is the person most familiar with these proceedings to adjudicate the issues on a timely basis.

### 2. Permissive Abstention - 28 U.S.C. § 1334(c)(1)

26.     Further, the Bankruptcy Courts have "broad discretion" to abstain, permissively under § 1334(c)(1), from exercising jurisdiction. *New Eng. Power and Marine, Inc. v. Town of Tyngsborough (In re Middlesex Power Equip. & Marine, Inc.)*, 292 F.3d 61, 69 (1st Cir. 2002) (held that "arising in" jurisdiction was possible but affirmed the court's permissive abstention of jurisdiction). A Court's decision of permissive abstention is not appealable. 28 U.S.C. § 1334(d).

27.     For permissive abstention under 28 U.S.C. § 1334(c)(1), the Bankruptcy Court considers several non-exclusive factors:

(1)     The effect or lack of effect on the efficient administration of the estate if a court abstains;

(2)     The extent to which state law issues predominate over bankruptcy issues;

(3)     The difficulty or unsettled nature of the applicable state law;

(4)     The presence of a related proceeding commenced in state court or other non-bankruptcy court;

(5)     The jurisdictional basis, if any, other than 28 U.S.C. § 1334;

(6)     The degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

(7)     The substance rather than form of an asserted "core" proceeding;

(8)    The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9)    The burden on this court's docket;

(10)   The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

(11)   The existence of a right to a jury trial;

(12)   The presence in the proceeding of nondebtor parties; and

(13)   Any unusual or other significant factors.

*Brothers v. Tremaine*, 188 B.R. 380, 384 (Bankr. S.D. Ohio 1995); *Underwood v. United Student Aid Funds, Inc.*, 299 B.R. 471 (Bankr. S.D. Ohio 2003).

28.    Here, the facts and circumstances of the Divorce Case, Arbitration and Receivership may meet many of the elements warranting permissive abstention. Even if there is core "arising under" or "arising in" jurisdiction, these proceedings would have no impact on the efficient administration of the Debtor's Bankruptcy Case if the Court abstains. The opposite is true. By allowing the divorce to go forward, the transfers of the 3 Properties can be addressed, and marital property equitably apportioned so that the Debtor's interest can be determined on a final basis.

29.    Further, Michigan state law indisputably predominates over any bankruptcy law under the Divorce Case, Arbitration, and Receivership. There is no dispute that those proceedings are predicated on Michigan statutes, not any section of the Bankruptcy Code. As stated before, the only basis for jurisdiction here is 28 U.S.C. § 1334 and the Debtor's Bankruptcy Case. The proceedings

overall are arguably remote from any issues or assets concerning the Debtor's estate, with the only connection being the proper scope and interpretation of the Bankruptcy Estate once the marital estate property is divided between the Debtor and her non-debtor spouse, David Moses. It would be a gross burden upon the Bankruptcy Court to require it to preside over Michigan family law for the equitable division of marital property, when the state family division of the Circuit Court has the specialized expertise in these matters. Also, the timing of the Debtor's bankruptcy filing on the eve of the August 31 hearing, demonstrates that the Debtor was involved in forum shopping by filing this case to obstruct the proceedings in the Divorce Case and Receivership. Finally, the Buyers and Mr. Wolkinson are non-debtors.

30.     For such reasons, permission abstention is appropriate.

### *V.  Relief Requested*:

31.     This Court should enter the Proposed Order, attached as **Exhibit 1**, abstaining from hearing and adjudicating any of the claims and issues in the Divorce Case and in the underlying Arbitration and Receivership proceedings in the Divorce Case, including issues concerning division of property of the marital estate under Michigan non-bankruptcy family law, under 28 U.S.C. §§ 1334(c)(1) and (2).

## VI.  *Exhibits And Statement Of Concurrence*:

32.     Pursuant to Local Rule 9014-1(c), the exhibits attached to this Motion are presented in the following sequence:

Exhibit 1 - Proposed Order
Exhibit 2 - Notice of Motion and Opportunity to Object
Exhibit 3 - Brief (None)
Exhibit 4 - Certificate of Service
Exhibit 5 – Affidavit (None)
Exhibit 6 - Documentary Exhibits (None)

33.     On September 6, 2022, the Custodian's counsel contacted Debtor's counsel to seek concurrence in the relief requested in this Motion under Local Rule 9014-1(h), but concurrence was denied.

## VII.  *Notice*:

34.     Notice of this Motion has been sent to the following pursuant to Bankruptcy Rules 7004, 9014, 5011(b), and Local Rule 9014-1:

(a)     To Debtor by Regular U.S. Mail;

(b)     To Debtor's attorney by ECF Service;

(c)     To the Trustee by ECF Service; and

(d)     To the state court attorney of record for the non-Debtor spouse of the Debtor by Regular U.S. Mail.

WHEREFORE, the Custodian respectfully requests this Court enter an Order, attached as **Exhibit 1**, abstaining from hearing and adjudicating any of the claims and issues in the Divorce Case and in the underlying Arbitration and

Receivership proceedings in the Divorce Case, including issues concerning division of property of the marital estate under Michigan non-bankruptcy family law, under 28 U.S.C. §§ 1334(c)(1) and (2).

Respectfully submitted,

SK DETROIT LAW PARTNERS, P.C.

By: /s/ David T. Lin
      David T. Lin (P70764)
      Attorneys for Custodian
      2000 Town Center, Suite 1500
      Southfield, MI 48075-1195
      (248) 353-7620
      dlin@skdetroitlaw.com

Date: September 15, 2022

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION - DETROIT

In re:

**REBECCA M. MOSES**,                    Case No. 22-46762-mar
                                          Chapter 11
Debtor.                                   Hon. Mark A. Randon
_____/

## EXHIBIT LIST

Exhibit 1     Proposed Order

Exhibit 2     Notice of Motion and Opportunity to Object

Exhibit 4     Certificate of Service

{01764182.DOC }

**Exhibit 1**

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION - DETROIT

In re:

**REBECCA M. MOSES**,                                   Case No. 22-46762-mar
                                                        Chapter 11
    Debtor.                         Hon. Mark A. Randon
_____/

## <u>ORDER OF ABSTENTION</u>

This matter comes before the Court on the Motion for Mandatory and/or Permissive Abstention pursuant to 28 U.S.C. §§ 1334(c)(1) and (2), of the divorce, arbitration, and receivership proceedings in the action captioned <u>Rebecca M. Moses v. David Z. Moses</u>, pending in the Circuit Court of Oakland County, Michigan, Family Division, Case Number 2020-503106-DM (the "Divorce Case"). Due notice having been given, and the Court being advised of the premises:

**NOW, THEREFORE, IT IS HEREBY ORDERED that:**

(1)    The Motion is granted in its entirety.

(2)    Pursuant to 28 U.S.C. §§ 1334(c)(1) and (2), this Court hereby abstains from all claims and issues in the Divorce Case, and in the underlying Arbitration and Receivership proceedings in the Divorce Case under the Order Appointing Receiver dated August 10, 2022, including claims and issues concerning division of property of the marital estate under Michigan non-bankruptcy family law.

**Exhibit 2**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION - DETROIT**

In re:

**REBECCA M. MOSES**,                           Case No. 22-46762-mar
                                                Chapter 11
Debtor.                                          Hon. Mark A. Randon
_____/

**NOTICE OF MOTION AND OPPORTUNITY TO OBJECT**

Custodian, Henry M. Nirenberg, has filed the attached Motion for Mandatory and/or Permissive Abstention.

**Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to grant the relief sought in the Motion, or if you want the Court to consider your views on the Motion, **within 14 days**, you or your attorney must:

1.  File with the court a written response or an answer, explaining your position at:[1]

United States Bankruptcy Court
Eastern District of Michigan
211 West Fort Street
Detroit, MI 48226

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

You must also send a copy to:

---

[1]  Response or answer must comply with Fed. R. Civ. P. 8(b), (c), and (e).

David T. Lin, Esq.
Attorney for Custodian
2000 Town Center, #1500
Southfield, MI 48075

Ryan D. Heilman
Attorney for Debtor
40900 Woodward Avenue
Suite 111
Bloomfield Hills, MI 48304

Rebecca M. Moses
29250 Creekbend
Farmington Hills, MI 48331

David B. Trivax
Serlin, Trivax & Assoc., P.C.
Attorneys for David Moses
37911 W. 12 Mile Road
Farmington Hills, MI 48331

Michael A. Robbins
Law Office of Michael A. Robbins
Co-Counsel for David Moses
3910 Telegraph Road-Ste. 200
Bloomfield Hills, MI 48302

Mark H. Shapiro
Trustee
25925 Telegraph Rd.
Suite 203
Southfield, MI 48033-2518

Office of the United States Trustee
211 W. Fort St., #700
Detroit, MI 48226

2.    If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time, and location of the hearing.

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting relief.**

Respectfully submitted,

SK DETROIT LAW PARTNERS, P.C.

By:  /s/ David T. Lin
David T. Lin (P70764)
Attorneys for Custodian
2000 Town Center, Suite 1500
Southfield, MI 48075-1195
(248) 353-7620
dlin@skdetroitlaw.com

Dated: September 15, 2022

**Exhibit 4**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION - DETROIT**

In re:

**REBECCA M. MOSES**,                               Case No. 22-46762-mar

                                                    Chapter 11

Debtor.                                             Hon. Mark A. Randon

_____/

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a copy of the Motion for Mandatory and/or Permissive Abstention, and accompanying Exhibits, were served via this Court's electronic filing upon the persons and entities below on September 15, 2022:

Ryan D. Heilman, Attorney for Debtor, ryan@wernetteheilman.com

Mark H. Shapiro, Trustee, shapiro@steinbergshapiro.com

Ronna G. Jackson, Attorney for UST, Ronna.G.Jackson@usdoj.gov

All persons and entities participating in the ECF system

and that on September 16, 2022, I also served the above documents by regular first-class U.S. Mail to:

Rebecca M. Moses
29250 Creekbend
Farmington Hills, MI 48331

David B. Trivax
Serlin, Trivax & Assoc., P.C.
Attorneys for David Moses
37911 W. 12 Mile Road
Farmington Hills, MI 48331

Michael A. Robbins
Law Office of Michael A. Robbins
Co-Counsel for David Moses
3910 Telegraph Road-Ste. 200

Bloomfield Hills, MI 48302

/s/ David T. Lin
David T. Lin (P70764))

{01764184.DOC }